**JONES, for Use and Benefit of JONES et al. v. NUGENT.**

**No. 5144.**

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

George J. Ginsberg, of Alexandria, for appellants.

Harry Fuller, of Winnfield, for appellee.

DREW, Judge.

Plaintiffs instituted this suit against W. L. Nugent for the sum of $25,405.45, claimed as damages alleged to have been sustained by them as the result of an automobile accident which occurred on the 24th day of July, 1933. The sum of $15,000 was claimed for the use and benefit of plaintiffs' minor child, Fay Mae Jones, for mental anguish, pain, suffering, and certain permanent physical disabilities. They further alleged that defendant was also indebted unto them for the use and benefit of the child in the sum of $405.45, for doctors' bills, medical supplies, hospital charges, and other expenses incurred in visiting the child while under treatment at the Charity Hospital, in Shreveport. In their capacities as father and mother of the injured child, plaintiffs also claimed for themselves the additional sum of $10,000, because of mental anguish, pain, and suffering alleged to have been endured and sustained by them.

Before answering to the merits, defendant filed an exception of no right or cause of action, based upon the following: (1) That the petition as to all of the demands therein contained failed to state facts sufficient to allege or constitute a legal right or cause of action, in that the general allegations of negligence were but merely conclusions of the pleaders; and (2) that in any event damages for mental anguish, pain, and suffering on the part of parents were not covered by the provisions of article 2315 of the Civil Code in cases where the injured party survives.

The lower court sustained the exception in part, and dismissed plaintiffs' demands for the $10,000 claim, and overruled the exception otherwise.

Plaintiffs' cause of action is based upon the following allegations:

That plaintiffs' residence is on the right-hand side of the highway leading from the direction of Colfax to Bentley; that there is a curve in the road about one-quarter of a mile distant in the direction of Colfax, from the place of the accident; that from said curve, to and beyond the residence, the road is perfectly straight; that the road is of improved gravel construction, with dirt shoulders, and is 20 feet wide; that on the date of the accident the vision was clear, and the accident occurred in broad daylight; that the minor child had reached the age of eleven years on July 1st preceding the accident on the 24th of said month; that at the time the minor was struck by the car she was engaged in slowly tolling a pig across the road from the house on the right to a pen on the left-hand side of the road, which pen was about 40 or 50 steps from the road; and that the defendant was driving at an excessive rate of speed and ran over the child when the same could have been avoided had he been observing and had his car under control. Plaintiffs did not allege, although they attempted to prove, that defendant was driving on the wrong side of the highway.

In answer, defendant asserts that he was driving his automobile in a prudent and careful manner, at a reasonable, moderate, and lawful rate of speed; that he was traveling in the direction of Bentley and upon his right-hand side of the highway; that, after rounding the curve about one-quarter of a mile from the scene of the accident, he at first saw no one along the highway, but, upon approaching, observed some parties standing on the dirt shoulder on the extreme left-hand side of the road, and that as he neared the point, about 35 yards away, he sounded the horn of his car several times, which gave a loud and audible signal of his approach; that the parties standing on the right side neither appeared to be starting across the highway nor attempting to do so, but all seemed to remain stationary; and that the parties were side by side—Mrs. Jones (the mother) nearest, Beatrice (the sister) next, and Fay Mae farthermost.

In alleging the manner in which the accident occurred, defendant says that, as the car got within approximately 20 or 25 feet of the parties, a small shoat, or pig, came running across the ditch upon the highway and started back across the road to the house on the right, and that the child, Fay Mae, obviously realizing the danger to the pig, dashed out behind the pig, succeeded in grabbing and holding on to it, in an attempt to prevent its being run over; that her sudden and unexpected movements which caused her to be thrown in the path of the car rendered the accident entirely unavoidable on his part, notwithstanding the fact that he immediately swerved his car sharply to the right and near the extreme right-hand ditch, and that he applied his brakes, which were in good working order, at the same time; that he had no reason to expect or believe the child, or either of the other parties, would suddenly dash across the highway or attempt to do so, in front of his moving automobile; and that the act of the child was apparently as un-

expected to its mother and sister as it was to him, in view of the fact that neither of them attempted to do anything to restrain or prevent the child from doing the act alleged.

On trial of the case, plaintiffs testified that the defendant was traveling on his left-hand side of the road, going very fast; that the child, Fay Mae, was tolling a pig with corn across the road, and had nearly reached defendant's left-hand side of the road when she was struck by the car. They further testified that there was no warning given of the approach of the car, and Fay Mae, her mother and sister all testified that they never saw the car until the very moment it struck the child.

Defendant and his witnesses testified that defendant sounded his warning 75 yards before he reached the point of accident, and that the child, her sister and mother all looked in the direction of the car; that defendant was traveling on his right side of the road at a moderate rate of speed, not exceeding 35 miles per hour; that there was no pig in the road at the time; and, when within about 25 feet of the place of accident, the child attempted to and did catch hold of the pig, which suddenly darted out of the ditch from behind the place where she, her mother and sister were standing; that the car was swerved as far to the right as possible onto the shoulder and brought to a stop within 30 feet, with its right wheels approximately 18 inches from the ditch on the right-hand side.

The lower court rendered judgment in favor of defendant, rejecting plaintiffs' demands; from which judgment plaintiffs have perfected this appeal.

The case involves purely questions of fact which to arrive at would involve the integrity of the witnesses to the accident. The lower court undoubtedly believed defendant and his witnesses; otherwise the judgment would have been different. All the witnesses for plaintiffs are interested witnesses, being members of the immediate family; likewise, most of the witnesses for defendant are to be treated as interested witnesses, especially those who saw the accident. The testimony given for plaintiffs is in direct conflict with that given for defendant. It is completely irreconcilable, and is almost equally balanced in the number of witnesses. There is no physical fact to directly corroborate either. If the accident happened as alleged by defendant, and testified to by him and his witnesses, he is not liable; if it happened as alleged by plaintiffs, and testified to by them and their witnesses, defendant is liable. The lower court found the accident happened as alleged and testified to by defendant and his witnesses, and we are not in a position to say, from the record, that its finding of fact is incorrect.

Counsel for plaintiffs has not favored us with a brief pointing out any errors in the lower court's finding, although at his request we granted him ten days after the date the case was fixed for trial within which to do so, and at the expiration of that time called his attention to the fact that he had failed to file his brief and held the case up for an additional thirty days. No brief has been filed as yet. We would be justified in considering the appeal as abandoned and dismiss it; however, we have not done so. We have carefully studied the record and find no manifest error in the judgment of the lower court.

The judgment appealed from is therefore affirmed, with costs.